**E-FILED**
Wednesday, 07 April, 2010  08:19:50 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT I. SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-cv-03086 |
| | ) | |
| PATRICK QUINN, in his official capacity as | ) | |
| Governor of the State of Illinois, WARREN | ) | |
| RIBLEY, in his official capacity as Director, | ) | |
| Illinois Department of Commerce and Economic | ) | |
| Opportunity, and DANIEL W. HYNES, in his | ) | |
| official capacity as Comptroller of the State of | ) | |
| Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTION

NOW COMES the Plaintiff, Robert I. Sherman, by and through his attorney, Richard J.

Whitney, and for his complaint against Defendants Patrick Quinn, sued in his official capacity as

Governor of the State of Illinois, Warren Ribley, sued in his official capacity as Director, Illinois

Department of Commerce and Economic Opportunity, and Daniel W. Hynes, sued in his official

capacity as Comptroller of the State of Illinois, states:

JURISDICTION AND VENUE

1. This Complaint is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the First and

Fourteenth Amendments to the United States Constitution, and Article I, § 3, Article VIII, § 1(a),

Article VIII, § 2(b) and Article X, § 3 of the Illinois Constitution.  Jurisdiction is founded on 28

U.S.C. §§ 1331, 1343 (a)(3) and the aforementioned statutory provisions. Plaintiff further

invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to consider

claims arising under state law. Venue in this Court exists and is proper pursuant to 28 U.S.C. § 1391 (b), in that each of the named Defendants maintains a principal place of conducting State business in the Central District of Illinois, and a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Central District of Illinois.

PARTIES

2. Plaintiff Robert I. Sherman is a citizen of the United States and resident of Illinois. He pays taxes to the State of Illinois.

3. At all relevant times herein, Defendant Patrick Quinn was acting in his official capacity as Governor of the State of Illinois, and currently serves in that capacity.

4. At all relevant times herein, Defendant Warren Ribley was acting in his official capacity as Director of the Illinois Department of Commerce and Economic Opportunity ("DCEO"), an agency of the State of Illinois and currently serves in that capacity.

5. At all relevant times herein, Daniel W. Hynes, was acting in his official capacity as Comptroller of the State of Illinois and currently serves in that capacity.

FACTUAL ALLEGATIONS

6. On July 13, 2009, Defendant Quinn signed into law Public Act 96-39 ("P.A. 96-39), commonly referred to as the "Capital Bill,"authorizing a large number of expenditures for infrastructure improvements and other public and private purposes. Copy of P.A. 96-39 is attached hereto as Exhibit "A" and made a part of this Complaint.

7.  P.A. 96-39 contains 155 grants to houses of worship, religious ministries, parochial schools, other religious institutions, private organizations that explicitly exclude atheists, and other private organizations engaging in advocacy not limited to legitimate public purposes.

2

These grants are for building improvements, renovations, new building construction, and in many cases, unspecified capital improvements. A summary of such grants, listing each item by page number in Exhibit A, article and section number, amount allocated, recipient, and brief description of purpose, is attached hereto as Exhibit "B" and made a part of this Complaint.

8. P.A. 96-39 also contains a number of grants allocating funds to certain organizations or categories of organizations, or for discretionary spending, in which there is no clear indication from the description contained in the bill whether the spending will be limited to secular purposes or may include funding to religious organizations or for sectarian religious purposes. A summary of such grants, listing each item by page number in Exhibit A, article and section number, amount allocated, recipient, and brief description of purpose, is attached hereto as Exhibit "C" and made a part of this Complaint.

9. Plaintiff objects to the expenditure of government, and thus taxpayer, funds, to promote and further religious purposes and other private purposes.

## COUNT I: FEDERAL CLAIM AGAINST DEFENDANT QUINN FOR VIOLATION OF FIRST AMENDMENT ESTABLISHMENT CLAUSE

10. Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 2, 3 and 6-9 herein.

11. The 155 grants identified in Exhibit B, in providing state funds to houses of worship, parochial schools, religious ministries and other institutions that promote religious beliefs, and/or for programs that promote religious beliefs, or are intended primarily for persons of a particular religious belief, constitute an unlawful establishment of religion in violation of the First Amendment to the United States Constitution.

3

12. The largest single grant contained in P.A. 96-39 is item 21 listed on Exhibit C, referring to Article 15, section 5, page 990 of Exhibit A, which appropriates $2.23 billion "to the Office of the Governor to be expended, in the discretion of and as determined by the Governor and upon written direction of the Governor to the Comptroller, for the costs (including operational expenses, awards, grants, and permanent improvements) of community based human services providers and agencies that are associated with programs and other services that provide assistance for those in need."

13. In public statements made about P.A. 96-39, Defendant Quinn has indicated that he would not regard any expenditure of public funds as unconstitutional "if the appropriation is for a secular purpose," indicating that he would still approve such expenditures going toward religious institutions, houses of worship and/or parochial schools provided that a "secular purpose" could be identified. In addition, Defendant Quinn has indicated a predisposition in favor of grants that violate the Establishment Clause in knowingly approving the 155 items shown in Exhibit B, without exercising his powers to veto any such items.

14. The broad discretionary spending authority provided to Defendant Quinn pursuant to Article 15, section 5 of P.A. 96-39 does not provide Plaintiff, or any other taxpayer aggrieved by public expenditures that violate the Establishment Clause, with any meaningful way to monitor or review such expenditures to determine whether they comport with the Establishment Clause or to seek a legal remedy to prevent such expenditures that violate the Establishment Clause of the First Amendment.

WHEREFORE, Plaintiff requests:

4

A. Pending a trial on the merits, a preliminary injunction enjoining Defendant Quinn from approving the expenditure of any funds pursuant to Article 15, section 5 of P.A. 96-39, to any houses of worship, parochial schools, religious ministries and other institutions that promote religious beliefs or are intended primarily for persons of a particular religious belief;

B. Following a trial on the merits, the entry of an injunction permanently enjoining Defendant Quinn from approving the expenditure of any funds pursuant to Article 15, section 5 of P.A. 96-39, to any houses of worship, parochial schools, religious ministries and other institutions that promote religious beliefs or are intended primarily for persons of a particular religious belief;

C. Such further relief as the Court deems necessary and just; and

D. Attorney fees, costs and expenses of this action pursuant to 42 U.S.C. Section 1988.

## COUNT II

## STATE CLAIMS AGAINST DEFENDANT QUINN FOR VIOLATIONS OF THE PROVISIONS OF THE ILLINOIS CONSTITUTION BARRING FUNDING FOR RELIGIOUS INSTITUTIONS OR PURPOSES

15. Plaintiff realleges and  reincorporates by reference the allegations contained in paragraphs 2, 3, 6-9 and12-13 herein.

16. The 155 grants identified in Exhibit B, in providing state funds to houses of worship, parochial schools, religious ministries and other institutions that promote religious beliefs, and/or for programs that promote religious beliefs or are intended primarily for persons of a particular religious belief or to serve a private purpose, violate one or more of the following provisions of

the Constitution of the State of Illinois:

      A. Article I, § 3, which provides that: "No person shall be required to . . . support any ministry or place of worship against his consent, nor shall any preference be given by law to any religious denomination or mode of worship."

      B. Article VIII, § 1(a), which requires that "Public funds . . . shall be used only for public purposes."

      C. Article X, § 3, which forbids the "General Assembly . . . or any public corporation" from making any appropriation "from any public fund whatever, anything in aid of any church or sectarian purpose, or to help support or sustain any school, academy . . . controlled by any church or sectarian denomination whatever." It further specifies, "nor shall any grant or donation of . . . money . . . ever be made by the State, or any such public corporation, to any church, or for any sectarian purpose."

17. In public statements made about P.A. 96-39, Defendant Quinn has indicated that he would not regard any expenditure of public funds as unconstitutional "if the appropriation is for a secular purpose," indicating that he would still approve such expenditures going toward religious institutions, houses of worship and/or parochial schools provided that a "secular purpose" could be identified. In addition, Defendant Quinn has indicated a predisposition in favor of grants that violate the aforestated provisions of the Illinois Constitution, in knowingly approving the 155 items shown in Exhibit B, without exercising his powers to veto such items.

18. The broad discretionary spending authority provided to Defendant Quinn pursuant to Article 15, section 5 of P.A. 96-39 does not provide Plaintiff, or any other taxpayer aggrieved by public expenditures that violate the aforestated provisions of the Illinois Constitution, with any

6

meaningful way to monitor or review such expenditures to determine whether they comport with the Illinois Constitution or to seek a legal remedy to prevent such expenditures that violate the Illinois Constitution.

WHEREFORE, Plaintiff requests:

A. Pending a trial on the merits, a preliminary injunction enjoining Defendant Quinn from approving the expenditure of any funds pursuant to Article 15, section 5 of P.A. 96-39, to any  houses of worship, parochial schools, religious ministries and other institutions that promote religious beliefs or are intended primarily for persons of a particular religious belief or to serve a private purpose;

B. Following a trial on the merits, the entry of an injunction permanently enjoining Defendant Quinn from approving the expenditure of any funds pursuant to Article 15, section 5 of P.A. 96-39, to any  houses of worship, parochial schools, religious ministries and other institutions that promote religious beliefs or are intended primarily for persons of a particular religious belief or to serve a private purpose;

C. Such further relief as the Court deems necessary and just; and

D. Costs and expenses of this action.

## COUNT III

## STATE CLAIM AGAINST DEFENDANT QUINN FOR VIOLATION OF ARTICLE VIII, § 2(b) OF THE ILLINOIS CONSTITUTION

19. Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 2, 3, 6 and 12 herein.

20. The broad discretionary spending authority provided to Defendant Quinn pursuant to Article 15, section 5 of P.A. 96-39 violates Article VIII, § 2(b) of the Constitution of the State of Illinois, which states, in pertinent part, that "The General Assembly by law shall make appropriations for all expenditures of public funds by the State." The ostensibly limiting language of Article 15, section 5, allowing the Governor to make expenditures "associated with programs and other services that provide assistance for those in need," is so broad as to not constitute an actual limitation or defined object of spending. Therefore, Article 15, section 5 violates Article VIII, § 2(b) of the Constitution of the State of Illinois since it unlawfully delegates to Defendant Quinn the exclusive spending authority of the General Assembly and authorizes "expenditures" by Defendant Quinn that are not "appropriations" of the General Assembly within the meaning of the Illinois Constitution.

WHEREFORE, Plaintiff requests:

A. Pending a trial on the merits, a preliminary injunction enjoining Defendant Quinn from approving the expenditure of any funds pursuant to Article 15, section 5 of P.A. 96-39;

B. Following a trial on the merits, the entry of an injunction permanently enjoining Defendant Quinn from approving the expenditure of any funds pursuant to Article 15, section 5 of P.A. 96-39;

C. Such further relief as the Court deems necessary and just; and

D. Costs and expenses of this action.

**COUNT IV**

**CLAIM AGAINST DEFENDANT RIBLEY FOR**

**VIOLATION OF FIRST AMENDMENT ESTABLISHMENT CLAUSE**

21.  Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 2, 4, and 6-9 herein.

22. The 155 grants identified in Exhibit B, in providing state funds to houses of worship, parochial schools, religious ministries and other institutions that promote religious beliefs, and/or for programs that promote religious beliefs, or are intended primarily for persons of a particular religious belief, violate the Plaintiff's right, and the right of all citizens of the State of Illinois, to be free from unconstitutional establishment of religion under the First Amendment to the United States Constitution, made applicable to the State of Illinois by the Fourteenth Amendment and made actionable by 42 U.S.C. Section 1983.

23. The first 20 grants identified in Exhibit C, in allocating funds to various organizations or categories of organizations without any clear indication from the description contained in P.A. 96-39 whether the spending will be limited to secular purposes or include funding to religious organizations or for sectarian religious purposes, do not provide Plaintiff, or any other taxpayer aggrieved by public expenditures that violate the Establishment Clause of the First Amendment, with any meaningful way to monitor or review such expenditures to determine whether they comport with the Establishment Clause or to seek a legal remedy to prevent such expenditures that violate the Establishment Clause.

9

24. As Director of DCEO, Defendant Ribley has authority, and is required to, approve the awarding of the grants identified in Exhibits B and C (excepting for item 21 on Exhibit C), upon obtaining agreement from the intended recipient on certain required terms and conditions.

WHEREFORE, Plaintiff requests:

A. Pending a trial on the merits, a preliminary injunction enjoining Defendant Ribley from approving the expenditure of any funds for the grants listed on Exhibits B or C, or, if already disbursed, enjoining Defendant to seek the rescission or disgorgement of any such funds already released;

B. Following a trial on the merits, the entry of an injunction permanently enjoining Defendant Ribley from approving the expenditure of any funds for the grants listed on Exhibits B or C, or, if already disbursed, enjoining Defendant to seek the rescission and disgorgement of any such funds already released;

C. Such further relief as the Court deems necessary and just; and

D. Attorney fees, costs and expenses of this action pursuant to 42 U.S.C. Section 1988.

## COUNT V

## STATE CLAIMS AGAINST DEFENDANT RIBLEY FOR VIOLATIONS OF THE PROVISIONS OF THE ILLINOIS CONSTITUTION BARRING FUNDING FOR RELIGIOUS INSTITUTIONS OR PURPOSES

25. Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 2, 4, 6-9 and 24 herein.

26. The 155 grants identified in Exhibit B, in providing state funds to houses of worship,

parochial schools, religious ministries and other institutions that promote religious beliefs, and/or for programs that promote religious beliefs, or are intended primarily for persons of a particular religious belief or to serve a private purpose, violate one or more of the following provisions of the Constitution of the State of Illinois:

      A. Article I, § 3, which provides that: "No person shall be required to . . . support any ministry or place of worship against his consent, nor shall any preference be given by law to any religious denomination or mode of worship."

      B. Article VIII, § 1(a), which requires that "Public funds . . . shall be used only for public purposes."

      C. Article X, § 3, which forbids the "General Assembly . . . or any public corporation" from making any appropriation "from any public fund whatever, anything in aid of any church or sectarian purpose, or to help support or sustain any school, academy . . . controlled by any church or sectarian denomination whatever." It further specifies, "nor shall any grant or donation of . . . money . . . ever be made by the State, or any such public corporation, to any church, or for any sectarian purpose."

27. The first 20 grants identified in Exhibit C, in allocating funds to various organizations or categories of organizations without any clear indication from the description contained in P.A. 96-39 whether the spending will be limited to secular purposes or include funding to religious organizations or for sectarian religious purposes, do not provide Plaintiff, or any other taxpayer aggrieved by public expenditures that violate the aforestated provisions of the Illinois Constitution, with any meaningful way to monitor or review such expenditures to determine whether they comport with the aforestated provisions of the Illinois Constitution or to seek a

legal remedy to prevent such expenditures that violate the aforestated provisions of the Illinois Constitution.

WHEREFORE, Plaintiff requests:

A. Pending a trial on the merits, a preliminary injunction enjoining Defendant Ribley from approving the expenditure of any funds for the grants listed on Exhibits B or C, or, if already disbursed, enjoining Defendant to seek the rescission and disgorgement of any such funds already released;

B. Following a trial on the merits, the entry of an injunction permanently enjoining Defendant Ribley from approving the expenditure of any funds for the grants listed on Exhibits B or C, or, if already disbursed, enjoining Defendant to seek the rescission and disgorgement of any such funds already released;

C. Such further relief as the Court deems necessary and just; and

D. Costs and expenses of this action.

## COUNT VI

## CLAIM AGAINST DEFENDANT HYNES FOR VIOLATION OF FIRST AMENDMENT ESTABLISHMENT CLAUSE

28.  Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 2 and 5-9 herein.

29. The 155 grants identified in Exhibit B, in providing state funds to houses of worship, parochial schools, religious ministries and other institutions that promote religious beliefs, and/or for programs that promote religious beliefs or are intended primarily for persons of a particular religious belief , violate the Plaintiff's right, and the right of all citizens of the State of Illinois, to

be free from unconstitutional establishment of religion under the First Amendment to the United States Constitution, made applicable to the State of Illinois by the Fourteenth Amendment and made actionable by 42 U.S.C. Section 1983.

30. The grants identified in Exhibit C, in allocating funds to various organizations or categories of organizations without any clear indication from the description contained in P.A. 96-39 whether the spending will be limited to secular purposes or include funding to religious organizations or for sectarian religious purposes, does not provide Plaintiff, or any other taxpayer aggrieved by public expenditures that violate the Establishment Clause of the First Amendment, with any meaningful way to monitor or review such expenditures to determine whether they comport with the Establishment Clause or to seek a legal remedy to prevent such expenditures that violate the Establishment Clause.

31. As Comptroller of the State of Illinois, Defendant Hynes has a legal duty to disburse funds and issue payments on behalf of the State of Illinois, as duly authorized by Defendant Quinn, the agencies and departments of the State of Illinois and Illinois state law. However, in carrying out such duties, he is also bound to adhere to the provisions of the United States Constitution, including the First Amendment to the United States Constitution, made applicable to the State of Illinois by the Fourteenth Amendment and made actionable by 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff requests:

A. Pending a trial on the merits, a preliminary injunction enjoining Defendant Hynes from disbursing, releasing, issuing or paying any funds for the grants listed on Exhibits B or C, or, if already disbursed, enjoining Defendant to use all available lawful means to recoup any

such funds already released;

B. Following a trial on the merits, the entry of an injunction permanently enjoining Defendant Hynes from disbursing, releasing, issuing or paying any funds for the grants listed on Exhibits B or C, or, if already disbursed, enjoining Defendant to use all available lawful means to recoup any such funds already released;

C. Such further relief as the Court deems necessary and just; and

D. Attorney fees, costs and expenses of this action pursuant to 42 U.S.C. Section 1988.

**COUNT VII**

**STATE CLAIM AGAINST DEFENDANT HYNES FOR**

**VIOLATIONS OF THE PROVISIONS OF THE ILLINOIS CONSTITUTION BARRING**

**FUNDING FOR RELIGIOUS INSTITUTIONS OR PURPOSES**

32. Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 2, 5-9 herein.

33. The 155 grants identified in Exhibit B, in providing state funds to houses of worship, parochial schools, religious ministries and other institutions that promote religious beliefs, and/or for programs that promote religious beliefs, or are intended primarily for persons of a particular religious belief or to serve a private purpose, violate one or more of the following provisions of the Constitution of the State of Illinois:

A. Article I, § 3, which provides that: "No person shall be required to . . . support any ministry or place of worship against his consent, nor shall any preference be given by law to any religious denomination or mode of worship."

B. Article VIII, § 1(a), which requires that "Public funds . . . shall be used only for public purposes."

C. Article X, § 3, which forbids the "General Assembly . . . or any public corporation" from making any appropriation "from any public fund whatever, anything in aid of any church or sectarian purpose, or to help support or sustain any school, academy . . . controlled by any church or sectarian denomination whatever." It further specifies, "nor shall any grant or donation of . . . money . . . ever be made by the State, or any such public corporation, to any church, or for any sectarian purpose."

34. The grants identified in Exhibit C, in allocating funds to various organizations or categories of organizations without any clear indication from the description contained in P.A. 96-39 whether the spending will be limited to secular purposes or include funding to religious organizations or for sectarian religious purposes, do not provide Plaintiff, or any other taxpayer aggrieved by public expenditures that violate the aforestated provisions of the Illinois Constitution, with any meaningful way to monitor or review such expenditures to determine whether they comport with the aforestated provisions or to seek a legal remedy to prevent such expenditures that violate the aforestated provisions of the Illinois Constitution.

35. As Comptroller of the State of Illinois, Defendant Hynes has a legal duty to disburse funds and issue payments on behalf of the State of Illinois, as duly authorized by Defendant Quinn, the agencies and departments of the State of Illinois and Illinois state law. However, in carrying out such duties, he is also bound to adhere to the provisions of the Constitution of the State of Illinois.

WHEREFORE, Plaintiff requests:

15

A. Pending a trial on the merits, a preliminary injunction enjoining Defendant Hynes from disbursing, releasing, issuing or paying any funds for the grants listed on Exhibits B or C, or, if already disbursed, enjoining Defendant to use all available lawful means to recoup any such funds already released;

B. Following a trial on the merits, the entry of an injunction permanently enjoining Defendant Hynes from disbursing, releasing, issuing or paying any funds for the grants listed on Exhibits B or C, or, if already disbursed, enjoining Defendant to use all available lawful means to recoup any such funds already released;

C. Such further relief as the Court deems necessary and just; and

D. Costs and expenses of this action.

RESPECTFULLY SUBMITTED,
ROBERT I. SHERMAN, PLAINTIFF


DATE: April 7, 2010                    BY: s/Richard J. Whitney
                                       Richard J. Whitney
                                       Attorney for Plaintiff


Richard J. Whitney
ARDC # 06238355
Speir & Whitney
Milwood Executive Suites
New Hwy. 13 & Wood Road
3200 Fishback Road
Carbondale, IL   62901
(618) 549-5159